BPS-357                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 05-3018

———

WALTER INGRAM,
                                          Appellant

v.

A.F. BEELER, WARDEN

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00084E)
District Judge: Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 1, 2005

Before: RENDELL, FISHER AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed:  September 8, 2005)
_____

OPINION
_____

PER CURIAM

    Appellant Walter Ingram appeals from the denial of a petition for habeas corpus pursuant to 28 U.S.C. § 2241.  Appellee moves this Court to summarily affirm the District Court's order.  Because no substantial question is presented, we will grant Appellee's motion and affirm the order of the District Court.  L.A.R. 27.4.

The parties are familiar with the facts, and thus, we only briefly recite them here. On March 17, 2004, the District Court for the Western District of Pennsylvania docketed Ingram's § 2241 petition seeking the reinstatement of twenty-seven days of good-time credit and the expungement of his prison disciplinary conviction. Ingram claims that the disciplinary actions taken against him violate due process for three reasons: (1) notice of his charge was not provided within twenty-four hours after the beginning of the disciplinary investigation as required by prison policy; (2) he was charged with conduct that is not expressly prohibited; and (3) the Disciplinary Hearing Officer's decision was not supported by the evidence. Ingram's claims stem from a May 2002 incident when he attempted to call another inmate's cell phone. Ingram argues that he did not know to whom the number belonged. An incident report was filed in November, which led to Ingram's disciplinary hearing, conviction, and subsequent sanction.

The District Court found that Ingram failed to show that his liberty interests were deprived without due process. It also concluded that there existed at least some evidence on the record from which his conviction could be sustained. Ingram appeals, raising roughly the same arguments. We agree with the District Court, but for slightly different reasons.[1]

---

[1] The District Court correctly concluded that a § 2241 petition is a proper method for obtaining relief with respect to the execution of a sentence. See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004). We have jurisdiction under 28 U.S.C. § 1291 and our review is plenary. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). Ingram has also properly exhausted his administrative remedies. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

A prisoner possesses a liberty interest in protecting his good-time credits from arbitrary abrogation. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Before credits may be deprived, prisoners must be afforded at least the following procedural protections: (1) an impartial tribunal; (2) written notice of the charges and underlying evidence at least twenty-four hours prior to the hearing; (3) an opportunity to call witnesses and present documentary evidence; (4) aid from a fellow inmate or staff representative if the issues are complex; and (5) a written statement by the fact finder describing the evidence relied upon and the reasons for taking disciplinary action. Id. at 563-72.

Ingram was not denied these protections. His initial claim that the Bureau of Prisons failed to provide twenty-four-hour notice after the beginning of an investigation in violation of its own regulations mistakes the contours of due process protection. Ingram has a protected liberty interest in his credits, but the regulation specifying the time at which a person must be notified neither itself creates a liberty or property interest, nor does its violation necessarily abridge the constitutional protections established in Wolff. See Layton v. Beyer, 953 F.2d 839, 844-51 (3d Cir. 1992) (discussing the creation of a liberty interest and whether the violation of a timing regulation violates due process). Ingram has no constitutional right to notice within twenty-four hours after the beginning of an investigation, and he was provided notice more than twenty-four hours prior to his hearing, consistent with Wolff. Thus, no constitutional violation exists.

His second argument fares no better. Ingram claims that there is no prohibited conduct code 297-A. However, he overlooks the Statement on Discipline and Special

Housing Units which provides that "<u>attempting</u> to commit . . . [a prohibited act] <u>shall be considered the same as a commission of the offense itself</u>. In these cases, the letter 'A' is combined with the offense code." BOP Program Statement 5270.07 § 541.13(b).

Finally, we agree with the Magistrate Judge's assessment of Ingram's sufficiency of the evidence claim. All that is required is that "some evidence" supports the decision. <u>See</u> <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 455 (1985). Some evidence is present.

For the foregoing reasons, no substantial question is presented. We will grant Appellee's motion and affirm the District Court's order denying habeas relief.